## Case No. 11,435.

### The PRINDIVILLE.

[1 Brown, Adm. 485;[1] 6 Chi. Leg. News, 291.]

District Court, E. D. Michigan. March 9, 1874.

#### PRACTICE—AMENDMENT OF CLAIM.

1. A motion to strike the claim and answer from the files, on the ground that it appeared on the hearing that the claimant had no interest in the property at the time the answer was filed, will not be entertained.

2. If the claim is not put in issue, and libellant goes to a hearing upon the merits without objection, it is a waiver of such preliminary inquiry, and an admission that the claimant is rightly in court.

3. A party will not be permitted to amend his claim by setting forth that at the time the cause of action arose, he was the true and bona fide owner of the vessel, and had agreed with

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

the present owner to discharge all liens against her.

4. The right of a party to appear and defend a suit in rem must be put in contestation, if at all, before the hearing, and then only by way of exception if the disability appear upon the face of the claim, or an exceptive allegation putting the right in issue if it does not so appear.

Motion of libellants to strike the claim and answer of Andrew B. Crawford and Jacob Crawford from the files, and the counter motion of the respondents to amend their claim. The tug was libelled and arrested at the suit of Mary Jane Peach, for repairs, in the sum of $1,275 35, and thereupon was bonded by and delivered to one George E. Brockway, as claimant. Subsequently Andrew B. and Jacob Crawford put in their claim and answer on oath, by the first article of which it was alleged "that these respondents are the true and bona fide owners of said tug, and no one else is the owner thereof." The case was then brought on for hearing, and witnesses were sworn and examined on both sides touching the merits of the controversy. It came out in evidence on the hearing, that, although the Crawfords were the owners of the tug when the repairs were made, they had subsequently, and before the filing of the libel in this suit, sold and transferred the tug to George E. Brockway, so that the Crawfords, at the time of filing the libel and of putting in their claim and answer, had no right or title to, or claim or interest in or lien upon the said tug. It further appeared, however, that in the sale and transfer to Brockway, the Crawfords had agreed and bound themselves to pay off and discharge all claims against and liens upon the tug then existing. After the proofs were all in and the evidence closed, counsel for libellant moved to strike the claim and answer of the said Crawfords from the files, for the reason that having no title to or interest in the tug, they had no standing in court and no right to defend; and for a decree pro confesso; and the counsel for the Crawfords moved for leave to amend their claim, so as to set up their relations to the tug and the subject-matter of this suit substantially as above recited. Both motions were heard together, and are now for decision.

H. B. Brown, for libellant, cited in support of his motion, admiralty rules 25. 34; 2 Conk. Adm. 203, 205; Ben. Adm. §§ 461, 463; Williams & B. Adm. 199, 200; The Packet [Case No. 10,654]; The Boston [Id. 1,673]; The Idaho [Id. 6,996]; The Killarney, Lush. 427, 435; The Cargo ex Galam, Brown. & L. 167.

W. A. Moore, for respondents, cited The Mary Anne [Case No. 9,195].

LONGYEAR, District Judge. Libellant's motion to strike the claim and answer from the files comes too late; and even if it had been made in time, it seems it would not be the proper mode of raising the question. The right of a party to appear and defend a suit in rem in admiralty must be put in contestation, if at all, before a hearing or other proceeding founded upon the claim and answer, and then only by way of exception if the disability appear upon the face of the claim, or an exceptive allegation putting the right in issue if it does not so appear. Such issue would then be formally heard and decided before a hearing upon the merits. If the claim is not thus put in issue, and the libellant goes to a hearing upon the merits without objection, it is a waiver of such preliminary inquiry, and an admission that the party is rightly in court and capable of contesting the merits. This identical question came before the supreme court as early as in 1828, in the case of U. S. v. 422 Casks of Wine, 1 Pet. [26 U. S.] 547, 549, and was then decided. I quote from the language of Story, J., in delivering the opinion of the court, not only to reproduce the argument upon which the decision was based, but because of the bearing that argument has upon the respondent's motion to amend. Justice Story there said: "This objection is founded upon a mistaken view of the time, nature and order of the proceedings proper in suits in rem, whether arising on the admiralty or the exchequer side of the court. In such suits the claimant is an actor, and is entitled to come before the court in that character, only by virtue of his proprietary interest in the thing in controversy. This alone gives him a persona standi in judicio. It is necessary that he should establish his right to that character as a preliminary to his admission as a party ad litem capable of sustaining the litigation. He is therefore, in the regular and proper course of practice, required in the first instance to put in his claim upon oath, averring in positive terms his proprietary interest. If he refuses so to do, it is a sufficient reason for the rejection of his claim. * * * If this is not done, it furnishes matter of exception, and may be insisted upon by the adverse party for the dismissal of the claim. If the claim be admitted upon this preliminary proof, it is still open to contestation, and by a suitable exceptive allegation in the admiralty, or by a correspondent plea in the nature of a plea in abatement to the person of the claimant, in the exchequer, the facts of proprietary interest sufficient to support the claim may be put in contestation and formally decided. It is in this stage of the proceedings, and in this only, that the question of the claimant's right is generally open for discussion. If the claim is admitted without objection, and allegations or pleadings to the merits are subsequently put in, it is a waiver of the preliminary inquiry, and an admission that the party is rightly in court and capable of contesting the merits." No harm would necessarily result to the true owner, where the claimant is not in reality such, in case the merits are finally disposed of in favor of the claimant, because, as was

also decided in the case just cited, the court may, if the claimant's want of title appears upon the trial, in its discretion retain the property in its own custody until the true owner may have an opportunity to interpose a claim and receive it from the court. No such question, however, can arise in the present case, because the property has already been delivered to the true owner. It results that the motion to strike the claim and answer from the files must be denied.

Respondents' motion for leave to amend their claim will now be considered. If the amendment should be allowed, the libellant must, at the same time, be remitted to the same right of exception she would have had if the claim had been originally put in as amended. This would present a new issue, and one of a preliminary and dilatory character, and that after a hearing has been had upon the merits. This the court will never allow, except, perhaps, upon some urgent necessity, which, however, is not now apparent to the court, and certainly does not exist in this case.

What the effect of the amendment, if allowed, would have upon the standing in court of the respondents it is not necessary now to consider; but that such effect would be to deprive them of any standing in court, and to dismiss them and their defense from the case is beyond all question, upon principle as well as upon the uniform current of authority, English and American, without, I believe, a single dissenting opinion. Those who have an interest in examining the question will find it fully discussed and elucidated in the cases and authorities cited by counsel, supra. It results that the respondents' motion to amend must be also denied; and the case must proceed to a decree upon the issue as it now stands and the hearing already had. Motions denied.